MATTER OF HANDLEY

In Visa Petition Proceedings

A-22352790

*Decided by Regional Commissioner October 12, 1978*

To qualify as an eligible orphan pursuant to section 101(b)(1)(F) of the Immigration and Nationality Act, as amended, 8 U.S.C. 1101(b)(1)(F), the beneficiary must have been adopted abroad by a United States citizen at least 25 years of age, who personally saw and observed the child prior to or during the adoption proceedings; or the beneficiary must be coming to the United States for adoption by such United States citizen or citizens who have or has complied with the preadoption requirements, if any, of the child's proposed residence. An alien orphan who is in the United States and has been adopted in the United States is not eligible for immediate relative classification as a child pursuant to section 101(b)(1)(F) of the Act.

ON BEHALF OF PETITIONER:  George W. Boyle II, Esquire
8580 Ralston Road
Arvada, Colorado 80002

This matter is before me on appeal from the District Director's decision of June 16, 1978, denying the petition to classify the beneficiary as an immediate relative pursuant to section 101(b)(1)(F) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(F). The appeal will be dismissed.

Aliens classified as immediate relatives of United States citizens are exempt quota limitations in applying for permanent resident status. A child of a United States citizen is considered to be an immediate relative. Section 101(b)(1) of the Act defines the term "child" to mean an unmarried person under 21 years of age who is within one of six categories. Section 101(b)(1)(F) is the category which describes the circumstances by which an eligible orphan is defined as a child.

Section 101(b)(1)(F) defines an eligible orphan child as:

A child, under the age of fourteen at the time a petition is filed in his behalf to accord a classification as an immediate relative under section 201(b) of this title, who is an orphan because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents, or for whom the sole or surviving parent is incapable of providing the proper care and has in writing irrevocably released the child for emigration and adoption; who *has been adopted abroad* by a United States

citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who personally saw and observed the child prior to or during the adoption proceedings; or *who is coming to the United States for* adoption by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who have or has complied with the preadoption requirements, if any, of the child's proposed residence: *Provided,* That the Attorney General is satisfied that proper care will be furnished the child if admitted to the United States; *Provided further,* That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter. (Emphasis other than provisos, supplied.)

The petitioner is a United States citizen. He resides with his spouse and the beneficiary in El Dorado, Colorado. The beneficiary is 2 years of age, born in Yucay, Peru, on October 4, 1976. Her biological mother was unable to provide for her, and on January 28, 1977, she irrevocably released the child for placement in a home for abandoned children in Urubamba, Peru, and for adoption. The petitioner's spouse was assigned guardianship of the beneficiary on January 26, 1977. The beneficiary traveled to the United States with the petitioner's spouse sometime during January 1977. The record is silent as to what type of visa the beneficiary presented to apply for admission to the United States. The inspection of the beneficiary for admission was deferred by officers at the port of entry. Upon arrival in Denver, the petitioner was interviewed concerning the beneficiary's proposed stay. He said that he intended to adopt the beneficiary in Colorado and apply for her to reside permanently in the United States. He said that the beneficiary had come without an immigrant visa because of an urgent medical condition that required prompt attention. Based on this medical condition, the beneficiary was paroled into the United States under section 212(d)(5) of the Act, 8 U.S.C. 1182(d)(5), for "humanitarian reasons" on February 9, 1977.

On May 2, 1977, the instant petition was filed. Apparently, the Denver officer misinterpreted the information provided in the petition and assumed that the beneficiary was residing abroad and coming to be adopted; therefore, proof that the preadoption requirements of Colorado had been met was requested. The petitioner instead submitted a copy of a final decree which evidenced the final adoption of the beneficiary by the petitioners on September 1, 1977, in Boulder, Colorado. It thus became evident that the beneficiary was already in the United States and, therefore, could not be classified as a child—an eligible orphan—under section 101(b)(1)(F) of the Act. The petitioner was informed that he should seek nonpreference immigrant classification for the beneficiary. The District Director based his June 16, 1978, denial of this petition on the fact that the beneficiary was not a child within the meaning of section 101(b)(1)(F) of the Act because she had neither been adopted abroad nor was she coming to the United States to be adopted.

On appeal, counsel for the petitioner claims that the beneficiary meets the definition of child found in section 101(b)(1)(F), and raises objections to the request that proof of compliance with Colorado preadoption requirements be shown.

Compliance with preadoption requirements is not the issue here. It is acknowledged that the beneficiary has been lawfully adopted by the petitioner. However, the beneficiary does not meet the Immigration and Nationality Act definition of child as found in section 101(b)(1) at subsection (F). The adoption of the beneficiary was accomplished in Colorado, not abroad, and she is presently in the United States; therefore, it cannot be said that she is "coming to be adopted" here. Thus, she is not the child of the petitioner within the meaning of the section 101(b)(1)(F) definition.

It is apparent that the petitioner and his counsel are under the incorrect assumption that the parole of the beneficiary in February 1977, was an assurance to the petitioner that any application that the petitioner intended to file for the beneficiary after her arrival would be approved. A parole under section 212(d)(5) of the Act is never used to overcome the lack of an immigrant visa.

Pursuant to section 212(d)(5):

The Attorney General may in his discretion parole into the United States temporarily under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

The parole of the beneficiary for humanitarian reasons is unconnected to any later petition for benefits under the Act. She was not eligible for classification as an immediate relative orphan at the time application was made; therefore, the District Director was correct in denying the petition.

ORDER: The appeal is dismissed.

271